UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR: 121-70 |
| | ) | |
| ENOCH ELLER, JR. | ) | |

**PLEA AGREEMENT**

Defendant Enoch Eller, Jr., represented by his counsel David Stewart, and the United States of America, represented by Assistant United States Attorney Chris Howard, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to Count One of the Information, which charges a violation of 18 U.S.C. § 1001(a).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Count One are (1) that Defendant made or used a false writing or document; (2) the writing or document contained a statement or entry that was false, fictitious, or fraudulent; (3) the statement or entry was material; (4) Defendant acted knowingly and willfully; and (5) the writing or document pertained to a matter within the jurisdiction of the judicial branch of the United States government.

Defendant agrees that he is, in fact, guilty of this offense. He agrees to the accuracy of the following facts, which satisfy each of the offense's required elements: From in or about March 2020 through in or about June 2021, within the Augusta and Dublin Divisions of the Southern District of Georgia, in matters within the jurisdiction of the judicial branch of the Government of the United States, specifically, the United States Probation Office (USPO), Defendant knowingly and willfully made and used a false writing and document knowing the same to contain a materially false, fictitious, and fraudulent statement and entry. Specifically:

(1)   Defendant completed and submitted written entries to USPO through their Probation and Pretrial Services Automated Case Tracking System (PACTS) claiming that he had drug tested certain individuals under his pretrial supervision as ordered by the court, when in fact, as Defendant then and there well knew, for a number of under his supervision, he did not perform such drug testing;

(2)   Defendant completed and submitted written entries to USPO through PACTS claiming that he had personally met with certain individuals under his pretrial supervision, when in fact, as Defendant then and there well knew, such personal meetings did not occur; and

(3)   Defendant completed and submitted to USPO a document titled Bond Supervision Information for Officer Attending Court Only, such document known as a PS 157, wherein Defendant represented that supervisee Z.B.S. had undergone urinalysis on four occasions, most recently on June 7, 2021, when in fact, as



Defendant then and there well knew, urinalysis was neither performed on Z.B.S. on that date nor on the number of occasions represented.

3. <u>Possible Sentence</u>

Defendant's guilty plea will subject him to the following maximum possible sentence: 5 years' imprisonment, 3 years' supervised release, a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. The Court additionally must impose a $100 special assessment per count of conviction.

4. <u>Agreements Regarding Sentencing Guidelines Pursuant to Rule 11(c)(1)(C)</u>

The government and Defendant agree that the appropriate application of the Sentencing Guidelines produces a sentencing range of 0–6 months. In particular, the government and Defendant agree that Defendant's Base Offense Level is 6, pursuant to U.S.S.G. § 2B1.1(a)(1), and that U.S.S.G. § 2B1.1(c)(3) does not apply. Consequently, this plea agreement is being offered to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

The Court may accept or reject the plea agreement. If the Court accepts the plea agreement, the Court must sentence Defendant in accordance with the provisions of this plea agreement. If the Court rejects this plea agreement and determines the Sentencing Guidelines produces a sentencing range other than 0–6 months, the Court must allow Defendant the opportunity to withdraw his plea and must advise the defendant that if he persists in a guilty plea the disposition of the case may be less favorable to Defendant than is contemplated by this plea agreement.

3



5. <u>Court's Use of Sentencing Guidelines</u>

The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on <u>all</u> of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Count or Counts to which Defendant is pleading guilty.

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Use of Information</u>

Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use at sentencing. Any incriminating information provided by the defendant during his cooperation will not be used in determining the applicable Guidelines range, pursuant to Section 1B1.8 of the Sentencing Guidelines.

   b. <u>Sentencing Recommendation Pursuant to Rule 11(c)(1)(B)</u>

The government agrees not to request an upward departure or upward variance. If, within 2 calendar days of entering into this agreement, Defendant meets with law enforcement and the U.S. Attorney's Office and provides full, complete, candid, and truthful disclosures of his knowledge of the offense to which he is pleading guilty, the government will agree to recommend a sentence of probation.

7. <u>Probation Office Supervision</u>

4

The United States agrees not to oppose Defendant's request that any court-ordered supervision in this case be performed by a U.S. Probation Office other than the U.S. Probation Office for the Southern District of Georgia.

8. Financial Obligations and Agreements

   a. Restitution

   The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

   b. Special Assessment

   Defendant agrees to pay a special assessment in the amount of $100, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

9. Waivers

   a. Waiver of Appeal

   Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which the defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines

5



range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

b. Waiver of Collateral Attack

Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel.

c. FOIA and Privacy Act Waiver

Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

10. Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which he will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.



11. <u>Satisfaction with Counsel</u>

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice given and the work performed by his attorney.

12. <u>Breach of Plea Agreement</u>

If Defendant fails to plead guilty, withdraws or attempts to withdraw his guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

13. <u>Entire Agreement</u>

This agreement contains the entire agreement between the government and Defendant.

DAVID H. ESTES
ACTING UNITED STATES ATTORNEY

_____          _____
Date                 Karl I. Knoche
                     Chief, Criminal Division

Sept. 2, 2021
Date

[signature]
Chris Howard
Assistant United States Attorney

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

9/2/21
Date

_____
Defendant Enoch Eller, Jr.

I have fully explained to Defendant all of his rights, and I have carefully reviewed each and every part of this agreement with him. I believe that he fully and completely understands it, and that his decision to enter into this agreement is an informed, intelligent, and voluntary one.

9/2/21
Date

_____
David Stewart, Defendant's Attorney

